REQUESTED BY: Dear Senator Burrows:
In your letter of April 4, 1979, you requested our opinion on the question of whether LB 14 exceeds certain limitations of the Nebraska Constitution. Specifically, you noted in your letter that:
 "Questions have risen in my mind as to the constitutionality of this issue, especially in view of the opinion regarding LB 369 and also opinions that have related to the use of the credit of the state."
LB 14, a bill known as the Nebraska Dry Bean Resources Act, can be generally described as legislation establishing a commodity program to be administered by certain elected members of a commodity board. Similar legislation relating to other agricultural commodities has been adopted in the past by the Nebraska Legislature. Examples include the Nebraska Potato Development Act, section 2-1801 et seq., Neb.Rev.Stat. (Reissue 1977) and the Nebraska Wheat Resources Act, section 2-2301 et seq., Neb.Rev.Stat. (Reissue 1977). Similar to these earlier enactments, LB 14 creates an advisory commission to be known as the Nebraska Dry Bean Commission, which is empowered at section 18 of the proposed legislation to perform such duties as devising educational and publicity programs in the promotion of total consumption of dry beans, to establish informational programs and services for Nebraska dry bean growers, and to employ personnel for the operation of necessary services under the program. At subsection 10 of section 18, the bill expressly prohibits any funds collected by the commission or the commodity program from being expended to influence legislation or to promote or oppose candidates for public office.
Funding for the program is addressed at section 20 of the bill, which provides for fees or excise taxes upon all dry beans sold in Nebraska and sold through commercial channels.
Our office has previously issued an opinion in which we addressed the question of whether a similar commodity program could be construed to encompass a public purpose. See 1975-76 Report of Attorney General, No. 46 at 51, a copy of which is enclosed herewith. As we noted in that opinion, a program designed to encourage and promote a particular aspect of Nebraska's agricultural economy would probably be construed by the courts to carry out a public purpose.
In your letter, you stated a concern that LB 14 may be classified as legislation extending the credit of the state to private individuals or associations in contravention of Article XIII, section 3 of the Nebraska Constitution. In view of our earlier opinion, and our understanding of the stated objectives of LB 14, we do not believe the legislation on its face exceeds the constitutional limitations of Article XIII, section 3 of the state constitution.
You also referenced a recent opinion of our office on LB 369, issued as Opinion No. 55 on March 13, 1979. That opinion addressed the question of whether legislation which authorizes a service fee to be paid by all employees in a bargaining unit would violate the Nebraska `right to work' provision set out at Article XV, section 13 of the Nebraska Constitution. Frankly, it is quite unclear to us how our opinion on LB 369, addressing a labor law question, relates to the provisions of LB 14. Suffice it to say that we find nothing in the provisions of LB 14 which would exceed the constitutional perimeters of the Nebraska `right to work' law.